IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHIVA ANAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF VIRGINIA, *et al*, )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-87 (RDA/IDD) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Commonwealth of Virginia's (the "Commonwealth") and Loudoun County Circuit Court's (the "Loudoun Court") Motion to Dismiss ("Motion to Dismiss") (Dkt. 13), Plaintiff Shiva Anand's *pro se* Motion to Strike of [sic] Order Denying Memorandum's [sic] of Defendant's Motions [sic] to Dismiss ("Motion to Strike") (Dkt. 16), and Plaintiff's Request for Default (Dkt. 21). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). Although the parties have not filed responses to the pending motions, the time for doing so has now passed. Thus, this matter is now ripe for disposition. Considering Defendants' Motion to Dismiss (Dkt. 13) along with their Memorandum in Support (Dkt. 14) and Plaintiff's Motion to Strike (Dkt. 16), as well as Plaintiff's Request for Default (Dkt. 21) together with Defendants' Opposition to the Request for Default (Dkt. 22), this Court GRANTS the Motion to Dismiss and DENIES the Motion to Strike and Request for Default for the reasons that follow.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, has filed a complaint against the Commonwealth of Virginia, the Loudoun County Circuit Court, and several individual judges of the Loudoun County Circuit

Court.[1] Plaintiff broadly alleges that the Defendants have impeded the administration of justice and denied Plaintiff the equal protection of law by certain actions taken by the Defendants in Plaintiff's state court cases. Dkt. 1 at 24. Plaintiff asserts five causes of action against the Defendants: (i) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"); (ii) invasion of privacy; (iii) intentional infliction of emotional distress; (iv) civil conspiracy; and (v) deprivation of civil rights.[2]

After Plaintiff filed his case, ninety days passed without any action being taken by Plaintiff. On April 24, 2023, the Court ordered Plaintiff to show cause why Plaintiff's case should not be dismissed for failing to serve the Defendants in compliance with Federal Rule of Civil Procedure 4(m). Dkt. 4. On May 4, 2023, Plaintiff responded by letter, indicating that he had emailed his Complaint to various email addresses associated with Defendants. Dkt. 5.

On May 10, 2023, the Court again ordered Plaintiff to comply with Rule 4, noted that Plaintiff had failed to properly serve Defendants, and directed Plaintiff to provide proof of service no later than June 9, 2023. Dkt. 6. On June 5, 2023, Plaintiff submitted a document entitled "Proof

---

[1] The *pro se* form complaint completed by Plaintiff lists only two Defendants: the Commonwealth of Virginia and the Loudoun County Circuit Court. Dkt. 1 at 1-3. Indeed, Plaintiff specifically declined to name other defendants on the form. *Id.* at 3. Nonetheless, the narrative complaint attached to the form complaint indicates that Plaintiff intended to name Judge Stephen Sincavage, Chief Judge Douglas L. Fleming, Jr., former Judge Jeanette A. Irby, former Judge Daniel R. Bouton, and former Judge Jonathan C. Thacher (the "Judge Defendants"). Dkt. 1 at 8-9. Plaintiff also lists Blaire Hawkins O'Brien, who was formerly employed by the Commonwealth of Virginia's Office of the Attorney General. *Id.* Construing the Complaint liberally, as this Court must, the Court determines that Plaintiff intended to name the Judge Defendants and O'Brien as Defendants in this case. Ultimately, that liberal construction makes no difference, as it appears that those Defendants have not been properly served and because the case will be dismissed based upon the analysis below.

[2] Although Plaintiff lists his claim for deprivation of civil rights as his "Sixth Claim," the Complaint includes only five claims. Dkt. 1 at 33.

of Delivery," which indicated that Plaintiff had mailed a copy of his Complaint to O'Brien, the Office of the Attorney General, and the Loudoun County Circuit Court. Dkt. 7.

On June 14, 2023, this Court issued a third Order informing Plaintiff that he had not properly served the Defendants in this case and instructing Plaintiff to comply with Rule 4. Dkt. 8. On June 21, 2023, Plaintiff filed a letter asserting that he had already proved that he had served the Defendants. Dkt. 9. On July 5, 2023, summonses to the Commonwealth and the Loudoun Court were issued for the first time and were mailed to Plaintiff for service. Dkt. 10. On July 17, 2023, Plaintiff filed another letter asserting that this Court was violating the Rules of Judicial Conduct and that he had provided proof of delivery, "which are sufficient for my Proof." Dkt. 11. Plaintiff further asserted that, "if Judge Rossie D. Alston Jr. you don't want to come in my case or don't want to give any hearing date than [sic] under Code of Conduct Canon 3, A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently, C. [sic] Disqualification (e) [sic] . . . ." *Id.* at 2. Plaintiff also asserts: "So, Judge Rossie D. Alston by helping these Defendants you Violated [sic] § 454. [sic] Practice of Law by Justice and Judges." *Id.* at 3.

On August 2, 2023, Defendants filed their Motion to Dismiss and Memorandum in Support. Dkt. Nos. 13;14. On August 28, 2023, Plaintiff filed the Motion to Strike, which the Court construes as an opposition to the Motion to Dismiss. Dkt. 16. Defendants did not file a reply in support of the Motion to Dismiss or otherwise respond to the Motion to Strike.

On September 20, 2023, Plaintiff filed three documents essentially seeking a settlement of $1.5 million from Defendants or seeking that default judgment be entered against Defendants. Dkt. Nos. 17-19.[3] On September 22, 2023, Magistrate Judge Ivan D. Davis issued an Order

---

[3] In these documents, Plaintiff asserts – for the first time – that he is proceeding pursuant to the Virginia Tort Claims Act. *See, e.g.,* Dkt. 17 ("The Plaintiff brings this action seeking [sic] involves claims based on [sic] Virginia Tort Claim [sic] (VTCA)."). Although the Motion to Strike

denying Plaintiff's motions as premature because Plaintiff must seek entry of default from the Clerk of the Court before seeking default judgment. Dkt. 20.

On September 27, 2023, Plaintiff filed his Request for Entry of Default. Dkt. 21. In his Request, Plaintiff asserted that the Commonwealth "has failed to respond or otherwise defend within the time period provided by law or the Court rules." Dkt. 21. That same day, Defendants filed an Objection to Plaintiff's Request for Entry of Default arguing that Defendants are not in default: (i) because they were never properly served; and (ii) because they moved to dismiss the complaint. Dkt. 22. On October 2 and 3, 2023, Plaintiff filed a letter arguing that he properly effected service and that the Objection is without merit, as well as an affidavit in support of his Request for Entry of Default. Dkt. Nos. 24; 25.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that the federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two analytical approaches through which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be

---

mentions the Virginia Torts Claims Act as an escape from sovereign immunity, the Motion to Strike does not assert that the Complaint is brought pursuant to that Act. Dkt. 16 at 42.

based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

## B. Rule 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009)

(quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Here, Plaintiff has first challenged this Court's impartiality. Although Plaintiff has not formally moved for this Court to recuse, the Court is compelled to address Plaintiff's accusation of partiality and of a violation of the Canons of Judicial Conduct. Because Plaintiff's claims are meritless, there is no basis for recusal.

Moreover, the Defendants have appropriately raised Eleventh Amendment and sovereign immunity protections that require dismissal of this case in its entirety. Accordingly, the Motion to Dismiss will be granted and the Motion to Strike and Request for Entry of Default will be denied.

#### A. There is No Basis for Recusal.

In Plaintiff's filings relating to proper service of the Defendants, Plaintiff made several accusations against this Court. Plaintiff asserted in his filings that he had properly served Defendants by email and mail and that the Court's Orders directing Plaintiff to serve Defendants pursuant to Rule 4: (i) were a violation of the Code of Judicial Conduct; (ii) were evidence of this Court acting with partiality; and (iii) were evidence that this Court was engaged in the Practice of Law. Dkt. 11. Each of Plaintiff's assertions are meritless.

The standards governing motions to recuse are well-settled. Two federal statutes address the potential disqualification of a presiding judge, 28 U.S.C. §§ 144 and 455. Pursuant to § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, under 28 U.S.C. § 455(b)(1), a judge must disqualify himself if he "has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1). Section 144

provides a similar basis for recusal but would require the filing by plaintiff of a "timely and sufficient affidavit." 28 U.S.C. § 144. Regardless of which statutory provision applies, Plaintiff's filings provide no basis for recusal.

As the Fourth Circuit has explained, "a judge must possess neither actual nor apparent bias against a party." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The standard for recusal is an objective one, which "asks whether the judge's impartiality might be questioned by a reasonable well-informed observer who 'assesses all the facts and circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (internal citations omitted); *Kolon Indus. Inc. v. E.I. du Pont de Nemours & Co.*, 846 F. Supp. 2d 515, 521-22 (E.D. Va. 2012) (in amending § 455 in 1974, "Congress emphasized that [§ 455 does] not permit recusal unless the parties present[] a reasonable basis for disqualification"). A decision in favor of recusal that lacks a factual basis satisfying the requisite objective inquiry is improper, because "a judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1998); *United States v. Glick*, 946 F.2d 335, 337 (4th Cir. 1991). Moreover, as the Second Circuit has recognized, "[e]vents occurring in the course of judicial proceedings generally do not constitute a basis for recusal." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996).

Here, Plaintiff's remarks regarding partiality, recusal, and bias stem from Plaintiff's fundamental misunderstanding of Rule 4. Rule 4 requires that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). In this case, summonses were not even issued until July 5, 2023. Thus, Plaintiff's attempts at filing proof of service in docket entries 5, 7, and 9 were inadequate and the Court's Orders were appropriately informing Plaintiff of his failure to properly serve Defendants. Dkt. Nos. 4; 6; 8. Plaintiff's complaints regarding this Court's Orders

are meritless and based on a misunderstanding of the Rules and therefore cannot provide an appropriate basis for recusal. *See Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 924 (2004) (noting that "largely inaccurate and uninformed opinions cannot determine the recusal question"). Moreover, even if Plaintiff had properly served Defendants, this Court's Orders could not form the basis of a recusal motion because "[d]issatisfaction with a judge's views on the merits of the case may present ample grounds for appeal, but it rarely — if ever — presents a basis for recusal." *Belue v. Levanthal*, 640 F.3d 567, 575 (4th Cir. 2011). Accordingly, there is no basis on which this Court should recuse.

### B. Entry of Default is Inappropriate.

It appears that Plaintiff seeks entry of default only as to the Commonwealth. *See* Dkt. 21 (referring only to "the Defendant" and naming "Defendant: [Commonwealth of Virginia]"). Even if Plaintiff sought default against all Defendants, however, entry of default would be inappropriate because: (i) the Commonwealth and the Loudoun Court have both appeared in this action and filed a Motion to Dismiss, Dkt. Nos. 12; 13; and (ii) the other Defendants were never properly served.

Rule 55(a) provides that default is appropriate where a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Plaintiff's request for default pursuant to Rule 55(a) is plainly improper where Defendants have appeared. But, in this action, Plaintiff has never filed a proof of service indicating that a Summons and a copy of the Complaint had been served on any Defendant in compliance with Rule 4. Rule 4 requires that "[a] summons must be served with a copy of the complaint" and that proper service may be accomplished by following the requirements of Rule 4(e). Fed. R. Civ. P. 4(c) & (e). Plaintiff has not submitted evidence that he complied with the requirements of Rule 4. *See Ganzie v. Warden Ponton, et al.*, 2015 WL 11111951, at *2 (E.D. Va. May 19, 2015) ("[B]ut a default can

only be noted when a defendant is served and subsequently fails to appear."); *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."). Indeed, Plaintiff has never requested nor received a summons from the Clerk of the Court for the Judge Defendants or Ms. O'Brien. *See* Docket for Case No. 23-cv-87. Thus, entry of default is not appropriate.

Puzzlingly, Plaintiff's Request for Default attached a summons for a state court action, perhaps to suggest that the Motion to Dismiss was untimely. Dkt. 21-1. But, even if the Motion to Dismiss filed by the Commonwealth and the Loudoun Court was untimely (and there is no evidence that it was), Plaintiff still would not be entitled to entry of default. *See, e.g., Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (denying motion for default judgment because defendants filed a motion to dismiss prior to plaintiff filing the motion for default judgment, even though the motion to dismiss was untimely); *Geyer v. U.S. Van Lines*, No. 2:12-cv-04678, 2013 WL 65458, at *4 (S.D. W. Va. Jan. 4, 2013) ("[A]n untimely defensive action does not necessitate entry of default, particularly in the absence of prejudice to the movant.").

In sum, Plaintiff is not entitled to entry of default and his Request for Default will be denied.[4]

### C. The Defendants are Immune from Suit.

Each of the Defendants sued by Plaintiff in this action is a state entity or actor. Thus, the Court must first examine whether each Defendant is capable of being sued in this Court. A review

---

[4] While Plaintiff's Request for Default was pending, Plaintiff also filed a Motion for Default Judgment (Dkt. 26) and an Urgent Request for Signature on Order of Default Judgment (Dkt. 28). Because entry of default is inappropriate for the reasons stated above, both of these motions will also be denied.

of the status of each Defendant reveals that each is immune from suit in this action and that this action should be dismissed.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment does not explicitly prohibit suits against a State by its own citizens, the Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Fourth Circuit has also held that "[t]he text of the Eleventh Amendment suggests a limitation on subject matter jurisdiction." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). Moreover, the Eleventh Amendment's reference to actions against one of the United States "encompasses not only actions in which the State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. et al., v. Doe*, 519 U.S. 425, 429 (1997). There are three exceptions to the protections provided by the Eleventh Amendment: (i) congressional abrogation of immunity; (ii) state waiver of immunity; and (iii) actions seeking prospective injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

To begin with, Plaintiff has sued the Commonwealth. As defendants' counsel correctly argues, the Eleventh Amendment prohibits Plaintiff's suit and none of the exceptions apply. First, Congress has not abrogated the Eleventh Amendment for alleged violations of constitutional rights, RICO, or state law torts.[5] Second, the Commonwealth has not waived its immunity from

---

[5] *See, e.g., Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (holding that "Congress has not abrogated sovereign immunity for § 1983 suits"); *Banks v. ACS Educ.*, 638 Fed. Appx. 587, 589 (9th Cir. 2016) ("Congress has not abrogated state immunity under RICO");

suits in federal courts for these kinds of claims. Nor has Plaintiff alleged that the Commonwealth has done so.[6] Finally, although Plaintiff has sought injunctive relief against the Commonwealth, that exception only applies to state officials – not the State itself. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the exception "has no application in suits against the States and their agencies"). Accordingly, the Eleventh Amendment bars Plaintiff's suit against the Commonwealth and the Motion to Dismiss will be granted.

Instrumentalities of the State are also entitled to Eleventh Amendment immunity. *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001). Federal courts have consistently recognized that state courts, like the Loudoun Court, are instrumentalities or arms of the State entitled to Eleventh Amendment protection. *See, e.g., Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that state courts are "arms of the state"); *Benn v. First Judicial Dist. of Penn.*, 426 F.3d 233, 238-41 (3d Cir. 2005) (holding that "the Judicial District has Eleventh Amendment immunity"). Judges within this District have also found that state courts, like the Loudoun Court, are instrumentalities entitled to Eleventh Amendment protection. *See Minns v. Portsmouth Juv. & Domestic Rels. Ct.*, No. 2:07-cv-323, Dkt. 20, Memorandum Opinion, dated March 26, 2008 (E.D. Va.) (Spencer, J.) ("Since there is no

---

*Johnson v. Ill. Commerce Comm'n*, 176 Fed. Appx. 662, 663 (7th Cir. 2006) (applying Eleventh Amendment to bar plaintiff's claims, including RICO claims); *Kadonsky v. New Jersey*, 188 Fed. Appx. 81, 84 (3rd Cir. 2006) (same).

[6] In filings outside of his Complaint, Plaintiff asserts that this case is brought pursuant to the Virginia Tort Claims Act, perhaps in an effort to avoid Eleventh Amendment Immunity. Dkt. 17. Plaintiff is not permitted to amend his Complaint in this manner. *See, e.g., Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) ("[Plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Moreover, even if Plaintiff did attempt to assert claims under the VTCA, "it is well settled that the [Virginia Torts Claim Act] does not waive Virginia's Eleventh Amendment immunity." *Haley v. Va. Dep't of Health*, No. 4:12–CV–00016, 2012 WL 5494306, at *5 (W.D. Va. Nov. 13, 2012).

indication that the Commonwealth of Virginia has waived its immunity in this case, the Court finds that the Commonwealth and the Portsmouth Juvenile and Domestic Relations Court, as an instrumentality of the Commonwealth, are immune from suit."). Thus, for the same reasons set forth above, the Loudoun Court, as an instrumentality of the Commonwealth, is also immune from suit under the Eleventh Amendment and the Motion to Dismiss will be granted.

With respect to the Judge Defendants,[7] it is well-settled that judges are immune from a suit for damages based on actions taken in their judicial capacity. *See Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016) (*per curiam*). Although Plaintiff's Complaint is sparse on facts, it is clear from Plaintiff's filings that he is suing the Judge Defendants based on their official acts. *See, e.g.*, Dkt. 16 at 2, 7, 16 (alleging that Judge Bouton entered an Order in violation of Plaintiff's rights, alleging that Judge Flemming "was sitting in one at least [sic] the dates on which Plaintiff improperly attempted to have the matter heard", alleging that Judges Thacher and Bouton entered Orders "which they made after knowing I waited two years"). Judges have immunity for such acts. *See King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (recognizing the " 'immunity of judges from liability for damages for acts committed within their judicial jurisdiction,' even if such acts were allegedly done either maliciously or corruptly."). Thus, the Judge Defendants are entitled to immunity and the claims for damages against them will be dismissed.[8]

---

[7] Courts recognize that judges may *sua sponte* raise issues of judicial immunity. *See, e.g.*, *Breeden v. Bailey*, No. 5:18-cv-48, 2018 WL 3614216, at *1 (W.D. Va. July 27, 2018) ("A review of the face of Breeden's complaint shows that his claim against Judge Bailey is barred by the doctrine of judicial immunity.").

[8] Plaintiff appears to recognize that judicial immunity would bar his claims against the Judge Defendants. Dkt. 16 at 41. Nevertheless, Plaintiff attempts to argue that his allegations of misconduct and erroneous decisions are sufficient to overcome judicial immunity. Plaintiff is incorrect. As the Supreme Court has clearly held, "[s]uch immunity applies 'however erroneous that act may have been, and however injurious its consequences may have proved to the plaintiff.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). Nor is judicial immunity "overcome by allegations of bad faith or malice," *Mireles v. Waco*, 502 U.S. 9, 11 (1991); rather, it applies "even

Finally, Plaintiff has also sued – but not properly served – Ms. O'Brien. Although Ms. O'Brien's role is not clear from the allegations of the Complaint, Plaintiff's other filings indicate that Ms. O'Brien was performing as an Assistant Attorney General with the Commonwealth's Office of the Attorney General. Dkt. 16 at 34. Courts have also recognized that state officials like Ms. O'Brien are entitled to Eleventh Amendment immunity where they are sued in their official capacity. *See Fauber v. Commonwealth*, No. 5:09-cv-72, 2009 WL 4572925, at *1-2 (E.D. Va. Dec. 7, 2009) (dismissing claims against an assistant attorney general); *Stratton v. Virginia*, No. 17-cv-548, 2017 WL 4484245, at *1 (E.D. Va. May 31, 2017) (same). Accordingly, to the extent Plaintiff's claims against Ms. O'Brien are brought against her in her official capacity, they must be dismissed.

In sum, the Motion to Dismiss correctly relies upon Eleventh Amendment Immunity for the Commonwealth and the Loudoun Court and will be granted.[9] Eleventh Amendment immunity also extends to claims against Ms. O'Brien in her official capacity and the Judge Defendants have judicial immunity against claims for damages.

### D. Plaintiff Has Failed to State a Claim for Relief.

Plaintiff's Complaint lacks any recitation of facts from which the Court can determine the basis for his claims. Instead, the Complaint is replete with vague and conclusory allegations. By way of example, the entirety of Plaintiff's allegations regarding the predicate acts for his RICO

---

when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

[9] Plaintiff has sought to strike the Motion to Dismiss and Memorandum in Support filed by Defendants. Dkt. 16. It is unclear why Plaintiff believes that the Motion to Dismiss should be struck, other than his apparent disagreement with the arguments contained therein and perhaps his mistaken belief that the motion was untimely. Because Plaintiff has not supported his Motion to Strike and because the Plaintiff has not demonstrated that Defendants were properly served in compliance with Rule 4, the Motion to Strike will be denied.

claim are a single, conclusory sentence: "By the Conduct described in the Complaint, Defendants did i) knowingly used [sic] Intimidation, threats, and Misleading Conduct toward the Plaintiff with the intent to prevent the testimony of the Plaintiff, ii) hind and prevent Communication [and] iii) intentionally harassed Plaintiff, which by their magnitude Constitute [sic] a predicate RICO act." Dkt. 1 at 26. Likewise, the subsection entitled "Factual Allegations" contains no factual allegations specific to Plaintiff, but instead asserts generally that the state court system is an "uncontrolled system" that "receive[s] power and funding through the destruction of families via the deprivation of inherent, inalienable and Constitutionally guaranteed rights." *Id.* at 22. As the Supreme Court has instructed, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. Because each of Plaintiff's five causes of action suffers from the same lack of factual allegations to support the claim, Plaintiff's Complaint will be dismissed for failure to state a claim.

Plaintiff's other filings contain some additional facts from which the Court can surmise that the basis of Plaintiff's claims is the issuance of a pre-filing injunction against Plaintiff and other orders issued by the Loudoun Court with which Plaintiff disagrees. *See, e.g.*, Dkt. 16 at 3 (alleging that Judge Bouton "did one big fraud after recusing himself On [sic] July 06, 2021, he saves Defendant Judge Jeannette A. Irby and made [sic] Order not to file and [sic] Pleading from the Plaintiff"). As noted previously, Plaintiff may not amend his Complaint through other filings. *See, e.g., Zachair*, 965 F. Supp. at 748 n.4 ("[Plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."). But a review of those filings makes clear that, even with additional facts, Plaintiff's claims are meritless. Thus, the Motion to Dismiss will also be granted pursuant to Rule 12(b)(6), because Plaintiff has failed to state any claim upon which relief could be granted.

## IV. CONCLUSION

Plaintiff has failed to state a claim against any of the Defendants named in this case. Because Plaintiff cannot assert claims against the Commonwealth or the Loudoun Court under the Eleventh Amendment, it is appropriate to dismiss those claims with prejudice. It is also proper to dismiss all claims against the remaining Defendants.[10] Each of the remaining Defendants is entitled to some form of immunity and Plaintiff has also failed to state any meritorious claims against them and, based on Plaintiff's filings in this case, permitting amendment would be futile.[11] Accordingly, the Motion to Dismiss (Dkt. 13) is GRANTED; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED that the Motion to Strike (Dkt. 16) is DENIED; and it is

FURTHER ORDERED that the Request for Default (Dkt. 21), Motion for Default Judgment (Dkt. 26), and Urgent Request for Signature on Order of Default Judgment (Dkt. 28) are DENIED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to

---

[10] *See, e.g., McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009) (providing that dismissal of a *pro se* litigant's claim with prejudice is appropriate where the claim is substantively meritless and cannot be cured by amendment of the complaint); *Brown v. North Carolina*, No. 3:21-cv-461, 2022 WL 2019970, at *2 (W.D.N.C. June 6, 2022) (granting motion to dismiss where "Plaintiff brings a number of constitutional, tort, and criminal claims but fails to allege any facts to support his claims or to otherwise state a cognizable claim for which relief may be granted.").

[11] These Defendants have also not been properly served despite repeated instructions to properly serve all Defendants. However, the failure to properly serve the Judge Defendants and Ms. O'Brien is not a basis for dismissing the Complaint with prejudice.

appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record for Defendants and to Plaintiff, who is proceeding *pro se*, at his last address on file.

The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
November 3, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge